IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DATATERN, INC.**<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>1. UNITED AIR LINES, INC.;<br>2. UAL CORPORATION;<br>3. AMERICAN AIRLINES, INC.;<br>4. AMR CORPORATION;<br>5. AMERICAN EXPRESS COMPANY;<br>6. DISCOVER FINANCIAL SERVICES, INC.;<br>7. HERTZ CORPORATION;<br>8. AVIS BUDGET GROUP, INC.;<br>9. WELLS FARGO & COMPANY; and<br>10. WELLS FARGO BANK, N.A.<br><br>　　　　　　　　　　Defendants. | Civil Action No. 2:09-cv-53<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which DataTern, Inc. makes the following allegations against United Air Lines, Inc., UAL Corporation, American Airlines, Inc., AMR Corporation, American Express Company, Discover Financial Services, Inc., Hertz Corporation, Avis Budget Group, Inc., Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively the "Defendants")

**PARTIES**

1.　　Plaintiff DataTern, Inc. ("Plaintiff") is a Texas corporation pursuant to Chapter 10 of the Texas Business Organizations Code and is doing business in this District.

2.　　On information and belief, Defendant United Air Lines, Inc. ("UA") is a Delaware corporation with its principal place of business at 77 West Wacker Drive, Suite 100,

Chicago, Illinois 60601-1604. UA is qualified to do business in the State of Texas and has appointed The Prentice-Hall Corporation System, Inc., 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232, as its agent for service of process.

3. On information and belief, Defendant UAL Corporation ("UAL") is a Delaware corporation with its principal place of business at 77 West Wacker Drive, Chicago, Illinois 60601-1604. UA is qualified to do business in the State of Texas and has appointed Prentice Hall Corporation, 33 N. La Salle Street, Chicago, Illinois 60602-2603, as its agent for service of process

4. On information and belief, Defendant American Airlines, Inc. ("AA") is a Delaware corporation with its principal place of business at 4333 Amon Carter Boulevard, MD5675, Fort Worth, Texas 76155-2605. AA is qualified to do business in the State of Texas and has appointed CT Corporation System, 50 W. Broadway, 8th Floor, Salt Lake City, Utah 84101-2020, as its agent for service of process.

5. On information and belief, Defendant AMR Corporation. ("AMR") is a Delaware corporation with its principal place of business at 4333 Amon Carter Boulevard, Fort Worth, Texas 76155. AMR is qualified to do business in the State of Texas and has appointed The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

6. On information and belief, Defendant American Express Company ("AE") is a New York corporation with its principal place of business at 200 Vesey Street, New York, New York 10285-4415. AE is qualified to do business in the State of Texas and has appointed Robert H. Seberle, 200 Vesey Street, New York, New York 10285-4415, as its agent for service of process.

7. On information and belief, Defendant Discover Financial Services, Inc. ("Discover") is a Delaware corporation with its principal place of business at 2500 Lake Cook Road, Riverwoods, Illinois 60015-3851. Discover is qualified to do business in the State of Texas and has appointed CT Corporation, 208 S. La Salle Street, Suite 814, Chicago, Illinois 60604-1101, as its agent for service of process.

8. On information and belief, Defendant Hertz Corporation ("Hertz") is a Delaware corporation with its principal place of business at 225 Brae Boulevard, Park Ridge, New Jersey 07656-1870. Hertz is qualified to do business in the State of Texas and has appointed CT Corporation, 1720 Carey Avenue, Cheyenne, Wyoming 82001-4429, as its agent for service of process.

9. On information and belief, Defendant Avis Budget Group, Inc. ("Avis") is a Delaware corporation with its principal place of business at 6 Sylvan Way, Parsippany, New Jersey 07054-3826. Avis is qualified to do business in the State of Texas and has appointed CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus, Ohio 43215-5910, as its agent for service of process.

10. On information and belief, Defendant Wells Fargo & Company ("WF") is a Delaware corporation with its principal place of business at 420 Montgomery Street, San Francisco, California 94104-1207. WF is qualified to do business in the State of Texas and has appointed CSC-Lawyers Incorporating Service Co., 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717-2915, as its agent for service of process.

11. On information and belief, Defendant Wells Fargo Bank, N.A. ("WFB") is a subsidiary of Defendant Wells Fargo & Company. WFB is qualified to do business in the State

of Texas and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin Texas 78701, as its agent for service of process.

## JURISDICTION AND VENUE

12. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

14. On information and belief, Defendant UA is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

15. On information and belief, Defendant AA is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

16. On information and belief, Defendant AE is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at

least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

17. On information and belief, Defendant Discover is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

18. On information and belief, Defendant Hertz is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

19. On information and belief, Defendant Avis is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

20. On information and belief, Defendant WF is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 5,937,402

21. Plaintiff is the owner by assignment of United States Patent No. 5,937,402 ("the '402 Patent") entitled "System for Enabling Access to a Relational Database from an Object Oriented Program." The '402 Patent issued on August 10, 1999. A true and correct copy of the '402 Patent is attached as Exhibit A.

22. Upon information and belief, Defendant UA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, methods practiced on various UA websites (including, without limitation to, united.com) through its uses of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendants UA is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

23. Upon information and belief, Defendant UAL has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, methods practiced on various UAL websites (including, without limitation to, united.com) through its uses of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendants UAL is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

24. Upon information and belief, Defendant AA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, methods practiced on various AA websites (including, without limitation to, aa.com) through its uses of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendants AA is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

25. Upon information and belief, Defendant AMR has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, methods practiced on various AMR websites (including, without limitation to, aa.com) through its uses of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendants AMR is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

26.  Upon information and belief, Defendant AE has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, methods practiced on various AE websites (including, without limitation to, americanexpress.com) through its uses of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendants AE is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

27.  Upon information and belief, Defendant Discover has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, methods practiced on various Discover websites

(including, without limitation to, discovercard.com and discoverbank.com) through its uses of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendants Discover is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

28.     Upon information and belief, Defendant Hertz has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, methods practiced on various Hertz websites (including, without limitation to, hertz.com) through its uses of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendants Hertz is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

29.     Upon information and belief, Defendant Avis has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, methods practiced on various Avis websites (including, without limitation to, avis.com, budget.com and budgettruck.com) through its uses of object

oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendants Avis is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

30. Upon information and belief, Defendant WF has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, methods practiced on various WF websites (including, without limitation to, wellsfargo.com) through its uses of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendants WF is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

31. Upon information and belief, Defendant WFB has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, methods practiced on various WFB websites (including, without limitation to, wellsfargo.com) through its uses of object oriented source code to employ objects that are populated with information from a relational database (due to the fact that such

objects are populated from a relational database, objects are associated with object classes generated in response to a normalized relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendants WFB is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

32.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '402 Patent complied with any such requirements.

33.     To the extent that facts learned in discover show that Defendants' infringement of the '402 Patent is, or has been willful, Plaintiff reserves the right to request such a finding at the time of trial.

34.     As a result of these Defendants' infringement of the '402 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

35.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '402 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '402 Patent, and that such infringement was willful;

2.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in

active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '402 Patent;

3. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '402 Patent as provided under 35 U.S.C. § 284;

4. An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

6. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**DATATERN INC.**

Dated: February 17, 2009

By: /s/ Marc A. Fenster
Marc A. Fenster, CA SB # 181067
E-mail: mfenster@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone:   310/826-7474
Facsimile:    310/826-6991

Patrick R. Anderson, MI SB # P68961
E-mail: patrick@prapllc.com
Patrick R. Anderson PLLC

4225 Miller Rd, Bldg. B-9, Suite 358
Flint, MI 48507
Telephone:   517/303-4806
Facsimile:   248/928-9239

Andrew W. Spangler, TX SB # 24041960
Spangler Law PC
208 N. Green Street, Suite 300
Longview, TX 75601
Telephone:   903/753-9300
Facsimile:   903/553-0403
Email: spangler@spanglerlawpc.com

**ATTORNEYS FOR PLAINTIFF
DataTern, Inc.**