IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATERN, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED AIR LINES, INC., UAL | § | |
| CORPORATION, AMERICAN | § | |
| AIRLINES, INC., AMR CORPORATION, | § | C.A. NO. 2:09-CV-53-TJW-CE |
| AMERICAN EXPRESS COMPANY, | § | |
| DISCOVER FINANCIAL SERVICES, | § | JURY TRIAL DEMANDED |
| INC., HERTZ CORPORATION, AVIS | § | |
| BUDGET GROUP, INC., WELLS | § | |
| FARGO & COMPANY, AND WELLS | § | |
| FARGO BANK, N.A. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT DFS SERVICES LLC'S  F/K/A DISCOVER
FINANCIAL SERVICES, INC.'S AMENDED
ANSWER AND COUNTERCLAIMS**

Defendant DFS Services LLC (formerly known as Discover Financial Services, Inc.) ("Discover") answers Plaintiff DataTern, Inc.'s Complaint ("Complaint").  Each numbered paragraph of the Answer corresponds to the same numbered paragraph of the Complaint.

1.    Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 1 of the Complaint, and therefore denies same.

2.    Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 2 of the Complaint, and therefore denies same.

3.      Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 3 of the Complaint, and therefore denies same.

4.      Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 4 of the Complaint, and therefore denies same.

5.      Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 5 of the Complaint, and therefore denies same.

6.      Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 6 of the Complaint, and therefore denies same.

7.      DFS Services LLC denies that it is a Delaware corporation, but admits that it is a Delaware Limited Liability Company.  DFS Services LLC admits that its principal place of business is at 2500 Lake Cook Road, Riverwoods, Illinois 60015-3851, and admits that it is registered to do business in Texas. DFS Services LLC denies that it has appointed CT Corporation in Chicago, Illinois as its registered agent for service of process in Texas.

8.      Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 8 of the Complaint, and therefore denies same.

9.      Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 9 of the Complaint, and therefore denies same.

10.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 10 of the Complaint, and therefore denies same.

11.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 11 of the Complaint, and therefore denies same.

12.     Discover admits the allegations contained in Paragraph 12 of the Complaint.

13.     Discover admits that venue is proper in this district, but denies that it has committed any acts or omissions giving rise to Plaintiff's claims in this or any other district.

14.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 14 of the Complaint, and therefore denies same.

15.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 15 of the Complaint, and therefore denies same.

16.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 16 of the Complaint, and therefore denies same.

17.     Discover admits that this Court has personal jurisdiction over it, but denies that it has committed any acts or omissions giving rise to Plaintiff's claims in this or any other district.

18.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 18 of the Complaint, and therefore denies same.

19.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 19 of the Complaint, and therefore denies same.

20.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 20 of the Complaint, and therefore denies same.

21.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 21 of the Complaint, and therefore denies same.

22.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 22 of the Complaint, and therefore denies same.

23.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 23 of the Complaint, and therefore denies same.

24.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 24 of the Complaint, and therefore denies same.

25.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 25 of the Complaint, and therefore denies same.

26.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 26 of the Complaint, and therefore denies same.

27.     Discover denies the allegations contained in Paragraph 27 of the Complaint.

28.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 28 of the Complaint, and therefore denies same.

29.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 29 of the Complaint, and therefore denies same.

30.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 30 of the Complaint, and therefore denies same.

31.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 31 of the Complaint, and therefore denies same.

32.     Discover lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 32 of the Complaint, and therefore denies same.

33.     Discover denies that it has infringed the '402 Patent, willfully or otherwise.

34.     Discover denies the allegations contained in Paragraph 34 of the Complaint.

35.     Discover denies the allegations contained in Paragraph 35 of the Complaint.

## <u>PRAYER FOR RELIEF</u>

Discover denies that Plaintiff is entitled to any relief requested.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

1.    Plaintiff's Complaint fails to state any claim against Discover upon which relief may be granted.

### SECOND DEFENSE
### (Non-Infringement)

2.    Discover has not infringed, and is not infringing, any valid and enforceable claim of the '402 Patent, either literally or under the Doctrine of Equivalents, nor has Discover induced or contributed to the infringement of any valid and enforceable claim of the '402 Patent.

### THIRD DEFENSE
### (Laches, Estoppel, Waiver)

3.    Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel and/or waiver.

### FOURTH DEFENSE
### (Prosecution History Estoppel)

4.    Plaintiff's claims are barred in whole or in part by the doctrine of prosecution history estoppel.

### FIFTH DEFENSE
### (35 U.S.C. § 287)

5.    Plaintiff's claims are barred, in whole or in part, by 35 U.S.C. § 287.

### SIXTH DEFENSE
### (Invalidity)

6.    The claims of the '402 Patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code (*e.g.*, §§ 101, 102, 103 and 112).

## DEFENDANT'S COUNTERCLAIMS

DFS Services LLC (formerly known as Discover Financial Services, Inc.) ("Discover" or "Counter-Plaintiff")) asserts these counterclaims against Plaintiff DataTern, Inc. ("DataTern" or "Counter-Defendant") and for cause alleges as follows:

### I.  THE PARTIES

1.      Counter-Plaintiff Discover is a Delaware Limited Liability Company, with its principal place of business at 2500 Lake Cook Road, Riverwoods, Illinois 60015-3851.

2.      According to Counter-Defendant's Original Complaint, Counter-Defendant is a Texas corporation and is doing business in this District.

### II.  JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a) and (b) because it is a civil action involving a federal question.  The Court also has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.  The Court also has subject matter jurisdiction over this controversy under 28 U.S.C. § 2201.

4.      The Court has personal jurisdiction over the Counter-Defendant because Counter-Defendant's principal place of business is in the forum and Counter-Defendant regularly conducts business in the forum.

5.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

### COUNT ONE
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6.      Discover incorporates by reference the allegations contained in Paragraphs 1 through 5, as if fully set forth herein.

7.    An actual controversy exists between Discover and DataTern regarding the alleged acts of infringement by Discover of DataTern's intellectual property as identified in Plaintiff's averments in the Original Complaint and Discover's Answer to the Original Complaint.

8.    Discover has not infringed and does not infringe the '402 Patent by any product(s) that Discover makes, uses, offers for sale and/or sells or any method that Discover uses.

9.    This is an exceptional case under 35 U.S.C. § 285 and Discover is entitled to an award of its costs, expenses and reasonable attorneys' fees.

## COUNT TWO
## DECLARATORY JUDGMENT OF INVALIDITY

10.    Discover incorporates by reference the allegations contained in Paragraphs 1 through 9, as if fully set forth herein.

11.    An actual controversy exists between Discover and DataTern regarding the alleged acts of infringement by Discover of DataTern's intellectual property as identified in Plaintiff's averments in the Original Complaint and Discover's Answer to the Original Complaint.

12.    The claims of the '402 Patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code (*e.g.*, §§ 101, 102, 103 and 112).

13.    This is an exceptional case under 35 U.S.C. § 285 and Discover is entitled to an award of its costs, expenses and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff Discover respectfully requests that this Court enter a judgment against Counter-Defendant as follows:

A.    A declaration that Plaintiff take nothing by reason of the Complaint and that the Complaint be dismissed with prejudice;

B.      A declaration that Discover's products and services do not infringe any claims of

the '402 Patent;

C.      A declaration that the '402 Patent is invalid;

D.      The Court award to Discover the costs of this suit, including defending against

Plaintiff's claims and for Discover's Counterclaims;

E.      The Court declare this an exceptional case under 35 U.S.C. § 285 and award

reasonable attorneys' fees, costs and expenses to Discover; and

F.      The Court award Discover such other relief as the Court deems just and proper.

                          Respectfully submitted,

                          BAKER & MCKENZIE LLP

                          /s/ Lisa H. Meyerhoff
                          Lisa H. Meyerhoff
                          Texas Bar No. 14000255
                          Email:  lisa.meyerhoff@bakernet.com
                          Myall S. Hawkins
                          Texas Bar No. 09250320
                          Email: myall.hawkins@bakernet.com
                          Valerie K. Friedrich
                          Texas Bar No. 00790721
                          Email:  valerie.k.friedrich@bakernet.com
                          Tan Pham
                          Texas Bar No. 24046628
                          Email:  tan.pham@bakernet.com
                          Pennzoil Place, South Tower
                          711 Louisiana, Suite 3400
                          Houston, Texas  77002-2746
                          Telephone No. +1 713 427 5000
                          Facsimile No. +1 713 427 5099

                          ATTORNEYS FOR DEFENDANT DFS
                          SERVICES LLC (F/K/A DISCOVER
                          FINANCIAL SERVICES, INC.)

## CERTIFICATE OF SERVICE

I hereby certify that, on January 5, 2010, I electronically filed the foregoing "Defendant DFS Services LLC, formerly known as Discover Financial Services, Inc.'s Amended Answer and Counterclaims" with the Clerk of Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented to electronic service and who are being served with a copy of this document through the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Lisa H. Meyerhoff